```
UNITED STATES DISTRICT COURT                    FILED
EASTERN DISTRICT OF NEW YORK                  IN CLERK'S OFFICE
-----------------------------------------X   US DISTRICT COURT E.D.N.Y.

SEAN JERRICK,                                 ★ AUG 26 2014 ★

            Plaintiff,                          BROOKLYN OFFICE

      - against -                             MEMORANDUM AND ORDER
                                              14-CV-2734 (RRM) (LB)
STATE OF NEW YORK,

            Defendant.
-----------------------------------------X

SEAN JERRICK,

            Plaintiff,

      - against -                             14-CV-2830 (RRM) (LB)

STATE OF NEW YORK,

            Defendant.
-----------------------------------------X

SEAN JERRICK,

            Petitioner,

      - against -                             14-CV-3545 (RRM) (LB)

STATE OF NEW YORK, MICHELLE
ARMSTRONG, ERNEST HART, DEBORAH
STEVENS-MODICA, RICHARD BROWN, and
FRANCIS GIBBONS, ESQ.,

            Respondents.
-----------------------------------------X
```

ROSLYNN R. MAUSKOPF, United States District Judge.

## BACKGROUND

Between April 29, 2014 and June 6, 2014, Sean Jerrick, proceeding *pro se*, filed three actions before the Court: (1) Action No. 14 CV 2734, seeking to remove certain actions from

Criminal Court, Queens County; (2) action No. 14 CV 2830, seeking to remove a criminal action from Criminal Court, Kings County; and (3) action No. 14 CV 3545, seeking a writ of error *coram nobis*. In all three actions, the Court mailed Jerrick a notice of deficient filing, enclosing the necessary forms and instructing him that if he failed, within fourteen days, to pay the filing fee or complete an application for leave to proceed *in forma pauperis* ("IFP"), his cases would not proceed. (*See* No. 14 CV 2734 (Doc. Nos. 2, 5); No. 14 CV 2830 (Doc. Nos. 2, 7); No. 14 CV 3545 (Doc. Nos. 2, 5).)[1] In all three actions, Jerrick proceeded to file form IFP affidavits without responding to any of the questions therein or providing any financial information. (*See* No. 14 CV 2734 (Doc. No. 6); No. 14 CV 2830 (Doc. No. 8); No. 14 CV 3545 (Doc. No. 4).) For the following reasons, Jerrick's three IFP applications are denied without prejudice. Further, Jerrick is admonished that if he fails to comply with the instructions in this Memorandum and Order, the Court will dismiss the actions without prejudice.

## DISCUSSION

The purpose of the statute permitting litigants to proceed IFP is to insure that indigent persons have equal access to the judicial system. *Glass v. Comm'r of Social Security*, No. 13 CV 4026, 2013 WL 3938740, at *1 (E.D.N.Y. July 30, 2013). 28 U.S.C. § 1915 authorizes a court to dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). The question of whether a plaintiff qualifies for IFP status is within the discretion of the district court. *Pinede v. New York City Dep't of Env. Protection*, No. 12 CV 6344, 2013 WL 1410380, at *2 (E.D.N.Y. Apr. 8, 2013); *DiGianni v. Pearson Educ.*, No. 10 CV 206, 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010).

---

[1] In action Nos. 14 CV 2734 and 14 CV 2830, the Court further advised Jerrick that his filings were deficient for the additional reason that he failed to include copies of the accusatory documents filed against him in state court, and directed him to file those documents. (*See* Nos. 14 CV 2734 (Doc. Nos. 2, 5); 14 CV 2830 (Doc. Nos. 2, 7).) Jerrick failed to comply with these instructions.

Here, Jerrick has provided no responses to the questions on the IFP application. As a result, the Court has no way to determine whether he has sufficient resources to pay the filing fee.

## CONCLUSION

For these reasons, Jerrick's IFP applications in each case are denied without prejudice. In addition, Jerrick is ordered, within fourteen days of the this Memorandum and Order, to do each of the following: (1) in each of the three aforementioned actions, pay the $400 filing fee or file a complete IFP application; (2) in action No. 14 CV 2734, file a copy of the accusatory documents filed against him in Criminal Court, Queens County; and (3) in action No. 14 CV 2830, file copies of the accusatory documents filed against him in Criminal Court, Kings County. Failure to comply with these orders will result in dismissal of the action(s) without prejudice.

The Clerk of Court is directed to mail a copy of this Memorandum and Order to plaintiff at the address the docket lists for him, and to note the mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore, *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
August 25, 2014

s/Roslynn R. Mauskopf
_____
ROSLYNN R. MAUSKOPF
United States District Judge